# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| CARA E. ALLEN | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 5:08cv3 |
| | | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

In her objections, Plaintiff asserts she is entitled to a closed period of disability. Plaintiff points to the medical records indicating that Dr. Pappas was still treating Plaintiff a year and a half after she presented to the emergency room with a severe left lateral fibular fracture with medial deltoid ligament damage. According to Plaintiff, when Dr. Pappas released Plaintiff to work, it was with permanent restrictions of limited walking and frequent breaks. Plaintiff further relies on her hearing testimony regarding the sharp pain and stiffness she experienced in her leg and foot, requiring her to elevate her foot, as well as her use of a cane. Plaintiff asserts the vocational expert testified Plaintiff could not work if she had to elevate her leg. Plaintiff argues her non-exertional impairments significantly diminish her residual functional capacity to perform sedentary work activities.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Magistrate Judge properly considered the medical evidence regarding Plaintiff's left ankle. After Plaintiff fractured her left ankle and Dr. Pappas operated on the ankle in July 2004, Dr. Pappas placed Plaintiff's ankle in a splint (Tr. 264, 266). On January 1, 2005, Dr. Pappas noted that Plaintiff was doing "quite better" and experiencing only minimal discomfort (Tr. 259). Dr. Pappas wrote that he allowed Plaintiff to return to work full-time (Tr. 259). Dr. Pappas noted on February 9, 2005, that Plaintiff had briefly gone back to work, but that her husband would not allow her to continue due to the pain (Tr. 258). In spite of Plaintiff's complaint of pain, Dr. Pappas noted that Plaintiff should work light to sedentary type jobs with limited walking and frequent breaks (Tr. 258). Dr. Pappas noted that "at some point, Plaintiff will have to go back to work and/or find other avenues" (Tr. 258). In March of 2005, Dr. Pappas stated that he was going to release Plaintiff to work with permanent restrictions of limited walking with frequent breaks (Tr. 255). Such restrictions support the ALJ's residual functional capacity determination. Specifically, the ALJ found Plaintiff was limited to standing and walking for a total of three hours in an eight hour workday, thirty minutes without interruption and sit for a total of five hours in an eight hour workday, three hours without interruption (Tr. 54, Finding No. 5).

Similarly, on August 18, 2005, physical therapist Todd Jennings noted in an initial assessment that Plaintiff reported that she was weight-bearing as tolerated (Tr. 380). Mr. Jennings noted that Plaintiff walked with a cane, but she showed only a small limp (Tr. 380). In September, Mr. Jennings observed that while Plaintiff used a cane when she entered the building, she walked around the facility "quite well" without the use of her cane (Tr. 383). Mr. Jennings instructed Plaintiff to get rid of her cane if she felt comfortable (Tr. 383). Plaintiff had 4+/5 strength in all

planes of her left ankle (Tr. 383). Mr. Jennings opined that Plaintiff should have been able to return to some type of duty even though she appeared reluctant to be on her left ankle all day (Tr. 383). Mr. Jennings further opined that he believed that Plaintiff was deconditioned because she complained of soreness and cramps in other muscles of her lower extremity besides her ankle (Tr. 383).

Dr. Sharp also examined Plaintiff in September of 2005 and observed that Plaintiff had an only mildly antalgic gait on the left (Tr. 296). Dr. Sharp opined that Plaintiff was at maximum medical improvement (Tr. 296). Significantly, Dr. Sharp assessed Plaintiff with whole person impairment of only three percent, and seven percent for the lower extremity (Tr. 296). Such a low percentage rating belies Plaintiff's claim that she is totally disabled. *See Ward v. Apfel*, 65 F.Supp. 1208, 1216 (D. Kan.1999) (a nine percent whole body impairment is inconsistent with total disability); *Gray v. Chater*, 903 F.Supp, 293, 301 n. 8 (N.D. N.Y. 1995) (there is no such thing as a partial disability for purposes of the Social Security Act).

The Court agrees with the Magistrate Judge that the medical evidence supports the ALJ's finding that Plaintiff was not disabled from July 21, 2004, through April 24, 2007 (Tr. 57, Finding No. 11).

Finally, the Court notes the vocational expert, whose testimony the ALJ found credible, testified that an individual with non-exertional limitations such as those of Plaintiff could perform a significant number of jobs in the national economy such as sedentary assembler and inspector jobs (Tr. 468). Plaintiff contends the vocational expert testified that she could not work if she has to elevate her leg (Tr. 469). However, as found by the Magistrate Judge, the medical evidence does not support Plaintiff's contention that she must elevate her legs, and Plaintiff has failed to point to any evidence other than her own testimony. Plaintiff's subjective statements about her symptoms are not

3

sufficient to establish a disabling physical or mental impairment. Fifth Circuit case law establishes that a claimant's subjective complaints must be corroborated, at least in part, by objective medical evidence. *See Wren v. Sullivan*, 925 F.2d 123, 128-29 (5th Cir. 1991). Because the first hypothetical question articulated by the ALJ to the vocational expert reasonably incorporated the restrictions and impairments supported in the record (Tr. 468), the ALJ properly relied upon that testimony to deny Plaintiff's disability claim.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 10th day of September, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE